IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0755-04






RODNEY CAMILE SMITH, Appellant



v.


 

THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


POLK COUNTY





 Johnson, J., filed a concurring opinion.


C O N C U R R I N G O P I N I O N 



 

 I concur in the judgment of the Court. However, I believe that the advice of counsel, which
resulted in the stipulation at issue here, may sink to the level of ineffective assistance of counsel,
depending on the date of the commission of the 1990 conviction. Neither the indictment nor the
record, including the stipulation, aids us in determining that date.

 The instant offense occurred on September 4, 1999. The conviction date for the next previous
offense is April 24, 1990. Given that there is always a period of time between commission of an
offense and a resulting conviction, it is at least conceivable that the commission of the offense,
which is the critical date, occurred before September 4, 1989, and thus falls outside the statutory
limitation of ten years. Tex. Penal Code, § 49.09(e)(1999). Appellee, in his brief, asserts that the
date in question is September 3, 1989, one day beyond the ten-year limit. That, however, is an issue
to be raised on an application for habeas corpus.


En banc

Date filed: February 2, 2005

Publish